# UNITED STATES DISTRCIT COURT
# FOR THE DISTRICT OF RHODE ISLAND

MARIA WALKER AND DAVID L. WALKER
    Plaintiffs,

v.

JOYCE A. CARTER, THE JOYCE A.
CARTER REVOCABLE TRUST, AND
PETRO HOLDINGS, INC.
    Defendants

Case Number: 1:17-cv-00154-JJM-LDA

## ORDER

Plaintiffs Maria Walker and David Walker ("the Walkers") moved in limine, under Rule 803(6) of the Federal Rules of Evidence, seeking to exclude certain language in medical records indicating: (1) a reference range for normal carboxyhemoglobin levels in adults (0.0–9.0%), and (2) a reference range for the population average of carboxyhemoglobin levels in adults on Aquidneck Island (0.0–1.9% and 1.7%–1.9%). ECF No. 41.

Each Defendant objected to the motion and the Walkers filed a reply. ECF No. 42, 43, 44, 45. After reviewing all the papers submitted, the Court DENIES IN PART AND GRANTS IN PART the Walkers' motion.

The Walkers rented property from Defendant The Joyce A. Carter Revocable Trust in Newport, Rhode Island and allege that, while occupying the home, they were exposed to excessive levels of carbon monoxide. ECF No. 1 at 1 and 2. As such, the hospital tested the carboxyhemoglobin levels of the Walkers on various occasions. The results of each test were recorded in the Walker's medical charts and the reference ranges appearing on those test results are at issue.

Federal Rule of Evidence 803 provides that, "regardless of whether the declarant is available as a witness," some records of regularly conducted activity "are not excluded by the rule against hearsay." Fed. R. Evid. 803(6). This rule is commonly called the business records exception and the exception applies to a "record of an act, event, condition, opinion or diagnosis" if the five criteria are met: (1) the record must be made at or near the time by–or from information transmitted by–someone with knowledge; (2) the record must be kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (3) making the record must be a regular practice of that activity; (4) the first three criteria must be shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 901(11) or (12) or with a statute permitting certification; and (5) neither the source of information, nor the method or circumstances of preparation indicate a lack of trustworthiness. Fed. R. Evid 803(6).

This Court recognizes the balancing test between the policy favoring the admissibility of relevant evidence if it has any probative value and the risk that the evidence might taint the proceedings. *See Torres-Arroyo v. Rullan*, 436 F.3d 1, 8 (1st Cir. 2006). Admissibility, however, is facilitated when a lack of personal knowledge of the entrant or maker goes to the weight of the information and not to the admissibility. So "the routine, standardized conditions under which such reports are prepared, as well as the fact that the medical examiner is exercising a special responsibility which the law assigns to him, assure their independent reliability." *Manocchio v. Moran*, 919 F.2d 770, 775 (1st Cir. 1990); *see also United States v. Baker*, 855 F.2d 1353, 1359 (8th Cir. 1988) (finding that when made on a routine basis, laboratory analyses of controlled substances are admissible as business records under Rule 803(6))). Since there is no substantive challenge on whether the medical reports were made in the routine course of business, the issue

falls on whether the "source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).

1. **Reference Range for Normal Carboxyhemoglobin Levels in Adults (0.0–9.0%)**

The first reference range the Walkers seek to redact from the reports is the range showing normal carboxyhemoglobin levels in adults (0.0–9.0%). ECF No. 41. This standard reference range appears repeatedly in the medical records relied on by both parties. The Walkers assert that the range is "boilerplate" language and has not satisfied Rule 803(6) because there is no sign as to the source of the information that shows a lack of trustworthiness. ECF No. 41. Defendants object, asserting that the reference range is necessary to understand the diagnostic import of the test results. ECF No. 42 and 43.

Business records prepared in the ordinary course of business are presumed to be reliable and trustworthy for two reasons. *Certain Underwriters at Lloyd's, London v. Sinkovich*, 232 F.3d 200, 204–05 (4th Cir.2000). First, "'businesses depend on such records to conduct their own affairs; accordingly, the employees who generate them have a strong motive to be accurate and none to be deceitful.'" *Id* (quoting *United States v. Blackburn*, 992 F.2d 666, 670 (7th Cir.1993)). Second, "'routine and habitual patterns of creation lend reliability to business records.'" *Sinkovich*, 232 F.3d at 205 (quoting *Blackburn*, 992 F.2d at 670).

The 0.0–9.0% reference range appears in each of the carboxyhemoglobin laboratory test results. ECF No. 41 and 42. The range is diagnostic as it is a reference range for medical personnel to compare a patient's carboxyhemoglobin levels with standard range for adults. The fact that there is no sign about the source of this range is immaterial because the medical personnel regularly conduct blood tests of this nature and use this reference range as part of diagnosing and treating patients. The reference range derives from a routine and habitual practice in testing

carboxyhemoglobin levels in adults and the laboratory analysis produces results of the individual tests within the framework of the 0.0–9.0% reference range.

There is no sign of a lack of trustworthiness as to the 0.0–9.0% reference range in the Defendant's medical records and, therefore, satisfies Rule 803(6). Fed. R. Evid. 803(6).

### a. Reference Range is Relevant

The Walkers vaguely assert that, even if the reference range is admissible under Rule 803(6), the reference range is not relevant under Rule 403 because "generalizations" fit under the enumerated requirements of exclusion. Fed. R. Evid. 403. Federal Rules of Evidence 401 and 402 govern relevant evidence and the admissibility of the evidence. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Under Rule 402 "[e]vidence which is not relevant is not admissible." *See Kenney v. Head*, 670 F.3d 354, 358 (1st Cir. 2012). Under Rule 403, this Court may exclude relevant evidence if the danger of one or more of its probative value: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. Fed. R. Evid. 403. The reference range of normal carboxyhemoglobin levels in adults is certainly relevant as it makes whether The Walker's suffered carbon monoxide poisoning, more or less probable than it would without the reference range. Fed. R. Evid. 401. And the physicians rely on this reference range for diagnostic purposes and, as such, the range is a relevant fact as to the diagnosis and treatment of the Walkers.

For these reasons, The Walker's motion in limine to exclude the carboxyhemoglobin reference range in adults (0.0–9.0%) is DENIED.

## 2. Reference Range for Normal Carboxyhemoglobin Levels of Adults on Aquidneck Island (0.0–1.9% or 1.7% - 1.9%)

The next range the Walkers seek to redact from the medical reports is a range showing normal carboxyhemoglobin levels of adults on Aquidneck Island (0.0–1.9 % 1.7%–1.9%). ECF No. 41. The Walkers, again, argue that this range should be excluded under Rule 803(6) because this range is a generalization of people being tested on Aquidneck Island and it is not conditioned upon any factors such as length of time or location on/proximity to Aquidneck Island. ECF No. 41. Defendant's point to their experts Independent Medical Exam ("IME") where the statement appears and asserts that it is relevant to the medical diagnosis and treatment. ECF No. 42.

This Aquidneck Island range of 1.7%–1.9% only appears in the Defendants' expert's IME where Dr. Schonwald states "a source for this [information] was not given." ECF No. 41. Where even the physician cannot divine a source for this information, the Court is no position to determine its reliability and, therefore, there is a sign of lack of trustworthiness to the Aquidneck Island range (1.7%–1.9%).

The Walkers also point to an Aquidneck Island range of 0.0–1.9% only appearing in a single medical record. ECF No. 41. There is no indication that the Defendant's expert used this range in his IME and there is no indication that the range was used as a diagnostic by any of the medical personnel around the time of the incident. If, as the Court is supposed to believe, the range is an Aquidneck Island reference range, there is reason to question the source of the information and the reliability of the range considering it is not conditioned upon any formal qualifying factors as to who is subject to the Aquidneck Island range nor is it cited in any other medical record or IME provided to the Court. *See* Fed. R. Evid. 803(6)(E).

Therefore, the Walker's motion in limine to exclude the Aquidneck Island reference range (0.0–1.9 % and 1.7%–1.9%) is GRANTED.

**CONCLUSION**

The Court DENIES IN PART AND GRANTS IN PART the Walkers' motion ECF No 41.

IT IS SO ORDERED.

John J. McConnell, Jr.
United States District Judge

February 13, 2019